IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION


RUBEN SALAZAR VASQUEZ                                              PETITIONER


v.                          NO. 2:26-cv-00015-LPR-PSH


C. HUMPHREY                                                        RESPONDENT


ORDER


In this case, filed pursuant to 28 U.S.C. 2241 ("2241"), petitioner Ruben Salazar Vasquez ("Vasquez") challenges the way his sentence is being administered. Specifically, he alleges that the Federal Bureau of Prisons ("BOP") refuses to award him First Step Act ("FSA") time credits for the 542 days he spent in pretrial custody, 542 days that were later applied toward his sentence pursuant to 18 U.S.C. 3585(b).

Respondent C. Humphrey ("Humphrey") responded to the petition and asked that it be dismissed for two reasons. First, the federal courts lack subject matter jurisdiction because, according to Humphrey, Vasquez's claim is not a challenge to the fact or duration of his confinement. Vasquez's claim is instead a challenge to the place of his

confinement, and outside the scope of habeas corpus, as granting him the relief he seeks would bring about his earlier transfer to prerelease custody. In support of the assertion, Humphrey cited Osorio-Calderon v. Warden, FCI Sandstone, No. 0:25-cv-00398-LMP, 2025 WL 2688917 (D.Minn. Sept. 19, 2025). Second, Vasquez's claim lacks merit.

Osorio-Calderon is currently on appeal. The case appears to raise an issue of some relevance here, namely, whether habeas relief is an available remedy for a place-of-confinement claim. See Osorio-Calderon v. Warden, FCI Sandstone, No. 25-3090, https://ca8-ecf.sso.dcn/cmecf/jsp/CaseSummary.jsp. The case was argued and submitted on May 13, 2026. One day before the argument, the Government filed a Federal Rule of Appellate Procedure 28(j) citation of supplemental authorities. In the submission, the Government represented the following:

> Last month, the Office of the Solicitor General submitted a brief in opposition to a petition for a writ of certiorari in the United States Supreme Court articulating the government's position on one of the issues presented in this case. Resp.'s Br. In Opp., Maxwell v. Thomas, No. 25-5930 (U.S. April 16, 2026). **On page 8 of the opposition brief, the Solicitor General asserts that 28 U.S.C. 2241 encompasses habeas claims challenging the "place or manner" of confinement.** Id. at 8 (quoting Jones v. Hendrix, 599 U.S. 465, 475 (2023)). As a result, the government's alternative argument in Part II of its brief, see Appellee's Br. at 26–40, no longer reflects the government's position on the jurisdictional issue.

2

See Osorio-Calderon v. Warden, FCI Sandstone, No. 25-3090, https://ca8-ecf.sso.dcn/cmecf/jsp/CaseSummary.jsp, Docket Entry dated 05/12/2026 (bold added).

The Court will likely benefit from hearing from Humphrey as to whether the Government's Rule 28(j) submission in Osorio-Calderon has any bearing on the jurisdictional issue in the case at bar. Specifically, the Court would like to know if 28 U.S.C. 2241 encompasses the claim in this case, a claim that appears to involve a challenge to the place of Vasquez's confinement. Humphrey is therefore given up to, and including, July 6, 2026, to file a short brief addressing whether the Government's May 12, 2026, Rule 28(j) submission in Osorio-Calderon has any bearing on the jurisdictional issue in the case at bar. If a brief from Vasquez on that issue is desired, the Court will request one.

IT IS SO ORDERED this 17th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3